# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7056 | **DATE** | 9/30/2003 |
| **CASE TITLE** | Williams vs. Holmes | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Respondent's Motion to Dismiss the Petition for a Writ of Habeas Corpus [Doc 25] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 3 0 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 28 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials | |

PAUL T. WILLIAMS )
)
Petitioner, )
) No. 00 C 7056
v. )
) HONORABLE DAVID H. COAR
MICHAEL HOLMES )
)
)
Respondent. )

DOCKETED
SEP 3 0 2003

## MEMORANDUM OPINION AND ORDER

Respondent asks this Court to dismiss Williams' Petition for Habeas Corpus as untimely under the AEDPA, which establishes a one-year statute of limitations for the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1). The one-year period begins to run on the date that a petitioner's state court criminal conviction becomes final, but the period is tolled for such time as any properly filed claim for post-conviction relief is pending in the state courts. 28 U.S.C. § 2244(d)(2).

Williams state court criminal conviction became final on July 5, 1995. Because this was before the enactment of the AEDPA, he had until April 24, 1997 to file a timely habeas petition in federal court. See Lindh v. Murphy, 96 F.3d 856, 865–66 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). Petitioner filed a petition for post-conviction relief in the state courts on April 4, 1997, with twenty days remaining to file a timely federal habeas petition. Williams' state post-conviction petition was denied as untimely on February 10, 2000. Williams appealed the denial of the post-conviction petition, and his appeal was denied on March 2, 2001. Williams filed his petition for habeas corpus in this court on November 7, 2000. Since the state post-conviction petition had not been litigated to conclusion, the Court stayed the proceedings

until Williams could exhaust his state court remedies.

Respondent contends that because the state court post-conviction petition was denied as untimely, it should not toll the time for filing a federal habeas corpus petition. See Freeman v. Page, 208 F.3d 572 (7th Cir. 2000) (describing requirements for proper filing, which include timeliness). Respondent conveniently ignores that Williams' state court post-conviction petition was pending for three years in the trial court before any determination on timeliness was made. This Court holds that where a state court post-conviction petition is pending for a significant length of time, even if it is eventually held to be untimely, the petitioner is entitled to tolling of the AEDPA one-year statue of limitations while pursuing relief on that petition. To hold otherwise would encourage simultaneous appeals to state and federal court any time the timeliness of the state post-conviction petition was in question. The entire structure of the habeas system discourages simultaneous proceedings in state and federal court, so there is no reason to encourage them here.

Petitioner's still had twenty days remaining from his one year statute of limitations when he filed his habeas corpus petition on November 7, 2000. Respondent's Motion to Dismiss is denied.

**Enter:**

_____
David H. Coar
United States District Judge

**Dated: September 30, 2003**