Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7056 | **DATE** | 11/5/2003 |
| **CASE TITLE** | Williams vs. Holmes | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Respondent's Motion to Reconsider

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Respondent's Motion to Reconsider is granted to the extent that it sought to certify the order for interlocutory appeal. The question certified for interlocutory appeal under 28 U.S.C. § 1292(b) is whether the circumstances of this case should permit equitable tolling of the AEDPA statute of limitations.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 0 7 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 33 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| jar(lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL T. WILLIAMS, Petitioner, v. MICHAEL HOLMES, Respondent. | No. 00 C 7056<br>HONORABLE DAVID H. COAR<br>DOCKETED<br>NOV 0 7 2003 |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Respondent's Motion to Reconsider or for certification of an interlocutory appeal. This Court denied Respondent's Motion to Dismiss the Petition for a Writ of Habeas Corpus on September 30, 2003. Respondent filed a timely motion to reconsider the opinion. In the Motion to Reconsider, Respondent requested that this Court either reconsider its ruling on the motion to dismiss or certify an interlocutory appeal to the Seventh Circuit. On October 22, 2003, this Court denied the motion in so far as it requested reconsideration of its ruling on the motion, but the Court ordered the Respondent to file additional briefing in support of the request to certify an interlocutory appeal. For the reasons given below, the Court now grants the motion to certify the question for an interlocutory appeal.

## DISCUSSION

The issue for which Respondent seeks to certify an interlocutory appeal relates to the effect of filing a state post-conviction petition on the one-year statute of limitations for filing a federal habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244(d)(1). The one-year period begins to run on the date that a

1

33

petitioner's state court criminal conviction becomes final, but the period is tolled for such time as any properly filed claim for post-conviction relief is pending in the state courts. 28 U.S.C. § 2244(d)(2).

The Respondent seeks an interlocutory appeal of the determination that the AEDPA statute of limitations was tolled during the pendency of petitioner's state post-conviction petition. Because all of the merits issues in this habeas petition are still undecided, the only permissible route to an interlocutory appeal would be the certification of an order under 28 U.S.C. §1292(b). To certify an order for interlocutory appeal under Section 1292(b), "the district court must find that the order presents a 'controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.' 28 U.S.C. § 1292(b)." In re Ford Motor Co., Bridgestone/Firestone North American Tire, LLC, 344 F.3d 648, 653 (7th Cir. 2003).

The issue in the order denying the motion to dismiss was whether the habeas petition was timely filed. In this litigation, the timeliness of Williams' habeas petition is a controlling question of law. Moreover, equitable tolling of the statute of limitations is a question "as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Indeed, in the more than seven years that the AEDPA has been in effect, the Seventh Circuit has recognized that its statute of limitations is subject to equitable tolling, see Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999), but there have been precisely zero cases where the court found that the statute of limitations was equitably tolled. Consequently, an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

In order to clarify the question for appeal, this Court will set forth clearly its holding on

2

the issue of the timeliness of Williams' federal habeas petition in this opinion.

I. **Procedural Background**

Williams' state court criminal conviction became final on July 5, 1995. Because this was before the enactment of the AEDPA, he had until April 24, 1997 to file a timely habeas petition in federal court. See Lindh v. Murphy, 96 F.3d 856, 865–66 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). Petitioner filed a petition for post-conviction relief in the state courts on April 4, 1997, with twenty days remaining in the one-year statute of limitations for his federal habeas corpus petition. The state court post-conviction petition was denied as untimely on February 10, 2000. Williams took an appeal from that determination, and his appeal was denied on March 2, 2001. Williams filed his petition for habeas corpus in this court on November 7, 2000.

II. **Whether the state post-conviction petition was "properly filed"**

The first inquiry about timeliness relating to the statute of limitations in this case is whether Williams' state court post-conviction petition was "properly filed." If it were properly filed, then the statute of limitations would be tolled under 28 U.S.C. § 2244(d)(2). If the state court post-conviction petition were not properly filed, the petition would have to be denied as untimely unless the statute of limitations were equitably tolled.

Under the law of this circuit today, it is clear that Petitioner's state post-conviction petition was not properly filed. "If the... reason the Illinois courts... cited for dismissing [a petitioner's] state post-conviction application was untimeliness, those proceedings would not qualify as 'properly filed' for purposes of the tolling rule of § 2244(d)(2)." Gray v. Briley, 305 F.3d 777, 779 (7th Cir. 2002). As will be discussed in the equitable tolling analysis, the law on

3

this subject was not always so clear.

## III. Whether the statute of limitations should be equitably tolled

"Equitable tolling excuses an untimely filing when a petitioner could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." Wilson v. Battles, 302 F.3d 745, 748 (7th Cir. 2002). The Seventh Circuit has held that equitable tolling is available for the AEDPA statute of limitations, but, as noted above, it has never applied the doctrine of equitable tolling to a habeas corpus petition under either 28 U.S.C. § 2254 or 28 U.S.C. § 2255. See Wilson v. Battles, 302 F.3d 745, 748 (7th Cir. 2002) (equitable tolling inapplicable); Brooks v. Walls, 279 F.3d 518, 525 (7th Cir. 2002) (same); Johnson v. McCaughtrey, 265 F.3d 559 (7th Cir. 2001) (same); Montenegro v. United States, 248 F.3d 585 (7th Cir. 2001) (same), overruled on other grounds, Ashley v. United States, 266 F.3d 671 (7th Cir. 2001); United States v. Marcello, 212 F.3d 1005 (7th Cir. 2000); Taliani v. Chrans, 208 F.3d 572 (7th Cir. 1999). Why should this case be any different?

This case is different from the others for three reasons. First, there was significant uncertainty as to what the law required Petitioner to do to preserve his right to review. Second, Petitioner's filings were reasonably calculated to preserve his rights to review. Finally, third, the state court post-conviction application was pending for nearly three years, which undercuts both the state's interest in the timeliness of the petition and the fairness of applying the statute of limitations to preclude federal habeas review.

### A. The law was uncertain at the time of Petitioner's Filings

At the time the Petitioner filed his state post-conviction petition, the AEDPA was relatively new law. It had been in effect for less than one year, and it is inarguable that certain of

4

its provisions had not yet been authoritatively interpreted. There was particularly acute disagreement over the statute of limitations provision. For example, it was unclear until recently whether the last date for someone in petitioner's position to file a federal habeas petition was April 23, 1997 or April 24, 1997. See Newell v. Hanks, 283 F.3d 827, 832 (7th Cir. 2002) ("whether AEDPA's grace period ended on April 23 or April 24, 1997, is still an open question in this circuit"). It was also unclear until recently whether a determination that the state post-conviction petition was untimely would prevent tolling of the statute of limitations under 28 U.S.C. § 2244(d)(2). Compare Rice v. Bowen, 264 F.3d 698, 701 (7th Cir. 2001) (reversing a district court judgment that an untimely state post-conviction petition was not properly filed) with Brooks v. Walls, 301 F.3d 839, 842 (7th Cir. 2002) (holding that an untimeliness determination on a state post-conviction petition, even if the merits are reached, renders that application not properly filed) and Gray v. Briley, 305 F.3d 777, 779 (7th Cir. 2002) (same). The requirements of the law were uncertain in April 1997, when Petitioner was faced with a decision about whether to file for post-conviction relief in state or federal court. In light of this uncertainty, it would be inequitable to rely on the more recent determination that petitioner's state court post-conviction petition was not properly filed to preclude federal habeas review.

### B. Petitioner acted reasonably to preserve his rights to habeas review

At the time Petitioner filed his state post-conviction application, the requirements of the law were uncertain, as detailed above. Some aspects of the law relating to habeas corpus petitions, however, have almost never been in doubt. One of the guiding principles in post-conviction litigation is to permit the state to have the first and best opportunity to correct any alleged errors in its criminal convictions and sentences. This principle is the foundation of the

exhaustion requirement, which the AEDPA codified at 28 U.S.C. § 2254(b)(2). The exhaustion requirement also acts to discourage simultaneous pursuit of relief in state and federal courts, a strategy which is decried in all types of litigation.

When Petitioner filed his state post-conviction petition in April 1997, his filing was in accordance with these universally accepted principles. On November 7, 2000, two significant things happened relating to this litigation. The Supreme Court issued its opinion in Artuz v. Bennett, 531 U.S. 4 (2000), and the petitioner filed his pro se federal habeas petition. In Artuz, the Court held that a state court post-conviction petition was properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." 531 U.S. at 8. The Court in Artuz mentioned the subject of timeliness only to note that it was not deciding "whether the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed." Id. at 8 n.2. Faced with the first authoritative interpretation of the relevant portion of the statute that deliberately left open the question of whether untimely petitions were properly filed to toll the statute of limitations, the Petitioner promptly filed his federal habeas petition the same day while his appeal on the state post-conviction petition was still pending.[1]

Absent a crystal ball to show him how the statute would be interpreted five years in the future, Petitioner could not have acted differently to preserve his rights to pursue federal habeas relief at the time of filing his state post-conviction petition. When the statute's interpretation started to come into focus, petitioner promptly filed his federal habeas corpus petition, even

---

[1]The Court does not know whether Petitioner was aware of the Supreme Court decision in Artuz, but the filing of the federal habeas petition the same day as the decision certainly permits an inference of relatedness.

6

though the state post-conviction proceedings had not been litigated to completion. In short, Petitioner took imminently reasonable and diligent steps to preserve his ability to pursue federal habeas relief given the state of the law at the time of the relevant filings.

C.  **Lengthy pendency of the state post-conviction petition**

Petitioner filed his state post-conviction petition in April 1997. It was pending for nearly three years before it was dismissed as untimely in February 2000. Petitioner could reasonably assume that the petition had met the requirements to be properly filed after it had been pending for more than one year. The state is certainly at liberty to rely on its timeliness regulations in its determinations on the petition, but timeliness is as timeliness does. Permitting the petition to languish in the state court for nearly three years before making a determination diminishes the significance of timeliness in the state system as a whole.[2]

Moreover, the failure to make a *timely* determination that a petition is *untimely* lays a trap for any state post-conviction petitioner. Any state court post-conviction petition that is rendered untimely after pending for more than one year will *ipso facto* be insulated from federal habeas review due to the current interpretation of the AEDPA statute of limitations. This Court expects that the state courts can determine whether a post-conviction petition is timely within one year from the date of filing so as to preserve at least the possibility of federal habeas review.[3] Where they fail to do so, that failure will be a factor in determining whether the statute of limitations

---

[2] The Court recognizes that Petitioner's federal habeas petition has also been pending for nearly three years.

[3] If the post-conviction petition were rendered untimely one year to the day after filing, the petitioner would have until the next day to file his federal habeas petition if and only if he had filed his state post-conviction petition on the same day that his conviction became final. Although this would require truly remarkable diligence, at least it would be possible.

7

should be equitably tolled.

## D. The Statute of Limitations should be equitably tolled

This Court holds that in light of the uncertain state of the law at the relevant filing dates, the petitioner's diligent attempts to preserve his opportunity to present a petition for a writ of habeas corpus in federal court, and the lengthy pendency of Petitioner's untimely petition for post-conviction relief in state court, the AEDPA statute of limitations should be equitably tolled. This is an exceptional case, as the passage of time and the clarification of the law's requirements will prevent most, if not all, habeas petitioners from being in the same position as Petitioner Williams.

## CONCLUSION

For the reasons stated above, Respondent's Motion for Reconsideration is granted to the extent that it sought to certify the order for interlocutory appeal. The question this Court certifies is whether the circumstances of this case should permit equitable tolling of the AEDPA statute of limitations.

**Enter:**

David H. Coar
**United States District Judge**

**Dated: November 5, 2003**

8